UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL MOORE,
        Plaintiff,

    -v-

CITY OF NEW YORK, *et al.*,
        Defendants.

18-CV-496 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Daniel Moore brings this action *pro se* against the City of New York ("the City"), NYC Health + Hospital ("H&H"), and Captain Ayanna Robertson, along with seven other individuals (collectively, "Defendants").[1] In his sixth amended complaint, Moore asserts violations of his constitutional rights under 42 U.S.C. § 1983 ("Section 1983") based on Defendants' deliberate indifference to his medical needs[2] and seeks damages from Defendants.

---

[1] Although these seven individual defendants (Dr. Roselyn Chevy-Cyrille, Dr. Joseph Janvier, Dr. Aung Oo, Lisa Choleff, Corrections Officer (CO) Jones, John Doe #1, and John Doe #2) have not yet appeared or responded to the Complaint, the City, H&H, and Captain Robertson represent that "the arguments in [the memorandum supporting dismissal] address the claims made against them," and request that "any relief granted to the City, H&H, and Captain Robertson be extended to these Individual Defendants." (Dkt. No. 55 at 1 n.2.) The Court deems this statement sufficient to put Moore on notice that the pending motion could result in the dismissal of his claims against all Defendants under Rule 12(b)(6). *See Grant v. Cty. of Erie*, 542 F. App'x 21, 24 (2d Cir. 2013) ("[A] district court may dismiss an action *sua sponte* for failure to state a claim so long as the plaintiff is given notice of the grounds for dismissal and an opportunity to be heard.").

[2] In addition to his Fourteenth Amendment rights, Moore briefly claims violations of his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12,132. (Compl. at 9.) But Moore does not say anything else about these asserted statutory rights — or how they are implicated by the facts alleged — in his complaint.

  To state a claim under the ADA, Moore must establish that he is a qualified individual with a disability, that he was prevented from participating in the services, programs, or activities of a public entity or otherwise discriminated against by that public entity, and that the public entity excluded him or discriminated against him because of his disability. *See Davis v. Shah*, 821 F.3d 231, 259 (2d Cir. 2016).

1

(Dkt. No. 51 ("Compl.") at 1, 9.)[3]  Defendants have moved to dismiss the operative complaint under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 54.)  For the reasons that follow, Defendants' motion is granted in part and denied in part.

## I. Background

The following facts are drawn from plaintiff Daniel Moore's sixth amended complaint and are assumed true for the purposes of this motion to dismiss.

Moore is an inmate at the Five Points Correctional Facility in Romulus, New York. (Compl. at 1.)  He suffers from several medical issues affecting his heart, his thyroid gland, and his left leg, which contains a metal rod and screws and is shorter than his right leg.  (Compl. at 5.)  Moore alleges that his constitutional and statutory rights were violated in connection with the failure to provide him adequate medical assistance during his pretrial detention at the Otis Bantum Correctional Facility ("OBCC") at Rikers Island.  (Compl. at 4, 6–8.)[4]

Soon after being admitted to OBCC in June 2017, Moore was seen by OBCC medical staff, who he informed "that without his medication . . . he could suffer a stroke, blood clots, and/or a heart attack," and that he needed a cane and orthopedic shoe to move about the facility

---

Moore has not pleaded any facts that plausibly indicate he was denied the benefits or services of a public entity due to a disability.  Further, Moore's allegations regarding the OBCC staff's failure to adequately treat his leg-related pain or restore his medication do not include facts indicating that he was discriminated against because of any disability.  Accordingly, Moore has failed to state a claim for violation of any statutory rights under the ADA.

[3] This Court, when citing to the operative complaint, refers to the ECF-generated page numbers for clarity.

[4] The amended complaint does not specify Moore's status at the time of the events alleged, though Defendants allege that Moore was a pretrial detainee at the time in question, according to publicly available state records.  (Dkt. No. 55 at 4 n.5.)  Therefore, the Court takes judicial notice of the fact of Moore's status as a pretrial detainee at the time of the relevant events, consistent with accepted practice in this District.  *See, e.g., Taylor v. City of New York*, No. 16 Civ. 7857, 2018 WL 1737626, at *11 n.10 (S.D.N.Y. Mar. 27, 2018); *Thomas v. Westchester Cty.*, No. 12 Civ. 6718, 2013 WL 3357171, at *3 n.9 (S.D.N.Y. July 3, 2013).

because of his leg problems.  (Compl. at 5.)  The medical staff issued Moore a cane permit.  (*Id.*)  However, CO Jones confiscated Moore's cane in August 2017 "without any justification" and told Moore to stop complaining to the medical staff.  (Compl. at 7.)  Moore's cane was not returned for six months.  (Compl. at 8.)  Indeed, Moore experienced extreme pain because of this deprivation combined with the facility's failure to procure him an orthopedic shoe insert.  (Compl. at 6.)

Moore alleges, further, that he was not promptly provided with a "shoe-lift."  Moore visited sick-call more than ten times to complain of the pain the lack of an orthopedic insert was causing him; there, Moore was seen by Dr. Chevy-Cyrille, Dr. Janvier, Dr. Oo, CO Jones, and another sick-call staff member ("John Doe #1").  He alleges that they provided a bevy of unhelpful responses: Dr. Oo, Dr. Janvier, and Captain Robertson told Moore that there would be negative consequences if he continued to complain about his medical problems; Captain Robertson added that she did not care that Moore was experiencing extreme pain; Dr. Chevy-Cyrille promised Moore that she would prescribe him pain medication but ultimately failed to do so; and OBCC medical staff incorrectly sent Moore to see a podiatrist for his leg-related pain when he actually needed to see a bone doctor.  (Compl. at 6–8.)

On October 24, 2017, another OBCC guard ("John Doe #2") confiscated Moore's medication, telling him that "now [he had] more than just the cane and shoes to cry about."  Dr. Oo then refused to see him to discuss his medication's renewal.  As a result, Moore felt dizzy and lightheaded, vomited, and experienced chest pain.  Several corrections officers threatened Moore when he attempted to speak to a captain about the seizure of his medicine.  Moore's medication was eventually renewed.  (Compl. at 8.)

Moore filed a grievance in connection with the missing walking cane and promised orthopedic shoe insert. (Compl. at 7.) Moore alleges that he was dissatisfied with the grievance's resolution, that he sent the complaint to the OBCC Warden, and that he then appealed the decision but received no response. (*Id.*) Moore further alleges that on October 24, 2017, he filed a grievance concerning the fact that the medication he carried with him was confiscated. (Compl. at 8.)

Moore initiated this action *pro se* on January 18, 2018 (Dkt. No. 2), and filed the operative complaint (his sixth amended complaint) on August 28, 2019, naming as defendants the City, H&H, Captain Ayanna Robertson, Dr. Roselyn Chevy-Cyrille, Dr. Joseph Janvier, Dr. Aung Oo, Lisa Choleff, CO Jones, John Doe #1, and John Doe #2. (Compl. at 2–3.) Moore asserts violations under Section 1983 and seeks damages from Defendants. (Compl. at 1, 9.)

On November 12, 2019, the City, H&H, and Captain Robertson moved to dismiss the sixth amended complaint in its entirety under Rule 12(b)(6). (Dkt. No. 54.) Moore has failed to respond to this motion despite being granted two extensions of time to do so. (*See* Dkt. Nos. 58 & 59.) Because Moore has not filed an opposition or communicated with the Court since December 6, 2019 (see Dkt. No. 57), Defendants' motion to dismiss will be considered unopposed.

## II.   Legal Standard

"[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). Accordingly, the district court must determine whether dismissal is appropriate on the merits, as "the plaintiff's failure to respond . . . does not warrant dismissal." *Id.* at 323.

Dismissal under Rule 12(b)(6) is proper when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency."  *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (alteration and internal quotation marks omitted) (quoting *McCall*, 232 F.3d at 322); *see Blanc v. Capital One Bank*, No. 13 Civ. 7209, 2015 WL 3919409, at *2–3 (S.D.N.Y. June 24, 2015).  "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (Sotomayor, J.) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Nonetheless, even a *pro se* complaint must "contain factual allegations sufficient to raise a right to relief above the speculative level," including "an allegation regarding [each] element necessary to obtain relief."  *Blanc*, 2015 WL 3919409, at *2 (internal quotation marks and citation omitted).

### III.   Discussion

Defendants raise three arguments in support of their motion to dismiss: (1) that Moore's Section 1983 claims lack merit; (2) that he fails to allege Lisa Choleff's personal involvement in any constitutional deprivation; and (3) that Moore does not adequately state a claim for municipal liability.  (*See* Dkt. No. 55.)

#### A.   Deliberate Indifference

Moore primarily asserts that eight staff members and supervisors at OBCC were deliberately indifferent to his medical needs in violation of his Fourteenth Amendment rights. (Compl. at 6–8.)  Moore alleges that he has suffered from two discrete medical issues at OBCC, which the individual defendants unlawfully disregarded: first, the infliction of leg and lower back

5

pain caused by the absence of a cane and the delay in receiving an orthopedic shoe insert; and second, the seizure of and subsequent delay in renewing his medications. (*Id.*)

The Eighth Amendment forbids "deliberate indifference to serious medical needs of prisoners." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Similarly, as relevant here, the Due Process Clause of the Fourteenth Amendment prohibits deliberate indifference to the medical needs of pretrial detainees in state custody. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009), *overruled on other grounds by Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017).

Significantly, however, "not every lapse in medical care is a constitutional wrong." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). "In order for an inmate to state a claim of constitutional deprivation with regard to his access to medical care during pre-trial detention, the inmate must demonstrate that his medical needs were objectively 'sufficiently serious,' and that the individual to be charged with the violation was aware of, and deliberately indifferent to, those needs." *Ceparano v. Suffolk Cty. Dep't of Health*, 485 F. App'x 505, 507 (2d Cir. 2012) (citation omitted). Moore must sufficiently allege both prongs for his claims against the individual defendants to survive the motion to dismiss.

### 1.     **Leg-Related Pain**

Moore asserts that the individual defendants were deliberately indifferent to his leg-related pain caused by the delay in providing him with an orthopedic shoe insert and exacerbated by the deprivation of his cane. (Compl. at 6–8.) Defendants respond that Moore has failed to plead either prong of the deliberate indifference standard with respect to his leg and back issues. (Dkt. No. 55 at 4–16.) The Court concludes that, with the exception of CO Jones, Moore has failed to plead that the individual defendants were deliberately indifferent to his medical issues.

6

### a. Sufficiently Serious Medical Condition

An inquiry into whether an alleged injury is sufficiently serious is two-fold: courts must determine whether (1) the plaintiff was "actually deprived of medical care" and (2) "the inadequacy in medical care [was] sufficiently serious." *Salahuddin*, 467 F.3d at 279–80.  In assessing whether the inadequacy was sufficiently serious, the medical condition at issue must be "a condition of urgency . . . that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Salahuddin*, 467 F.3d at 280 (noting that "[f]actors relevant to the seriousness of a medical condition include whether . . . it causes 'chronic and substantial pain'" (citation omitted)).  Importantly, "[t]here is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003).

Moore has adequately alleged that his medical needs were sufficiently serious to meet the first prong.  Moore claims that he suffered extreme pain because he had to "ambulate throughout [OBCC] without a cane and a shoe lift."  (Compl. at 7.)  Further, the Court construes Moore's complaint to assert that he suffered this pain for the six-month period that he was without a cane, a deprivation he alleges began when a corrections officer took his cane.  (Compl. at 7–8.)  These claims support a conclusion that, at the Rule 12(b)(6) stage, Moore has adequately alleged a sufficiently serious medical issue. *See, e.g., Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (allegations of extreme dental pain for six months supported a sufficiently serious determination at the motion to dismiss stage); *Knight v. N.Y. State Dep't of Corr.*, No. 18 Civ. 7172, 2020 WL 3893282, at *12 (S.D.N.Y. June 10, 2020) (allegation that "insufficient provision of catheters resulted in substantial pain" weighed in favor of sufficient seriousness on a

motion to dismiss); *Davis v. McCready*, 283 F. Supp. 3d 108, 120 (S.D.N.Y. 2017) (allegations of "excruciating pain" as well as "difficulty walking" supported finding medical issue was sufficiently serious).

The Court concludes that Moore has met the first prong of a deliberate indifference analysis for purposes of the deprivation of his cane.

### b. State of Mind

To satisfy the second prong of deliberate indifference claim against the individual defendants, Moore must plausibly allege that each defendant intentionally caused his pain or, with actual or constructive knowledge, recklessly failed to act to mitigate his pain. *Darnell*, 849 F.3d at 35. Put differently, to show deliberate indifference "a plaintiff must show that the defendant acted with a sufficiently culpable state of mind." *D.K. by L.K. v. Teams*, 260 F. Supp. 3d 334, 354 (S.D.N.Y. 2017).

Moore's allegations regarding the actions of CO Jones meet the knowledge of the deliberate indifference standard. CO Jones allegedly knew that Moore needed the cane to move about and confiscated the cane while telling Moore to "stop complaining." (Compl. at 7.) Moore's allegations are sufficient to establish CO Jones's knowledge of his leg issue: they state that CO Jones, while confiscating Moore's cane, called him, among other things, a "cripple." (*Id.*) CO Jones was aware that Moore had difficulties with his leg that would be exacerbated by removal of the cane. CO Jones, thus, had a "sufficiently culpable state of mind." *Rodriguez v. City of New York*, 15 Civ. 7945, 2018 WL 1276826, at *5 (S.D.N.Y. Mar. 9, 2018) (citation omitted) (officers' retaliatory seizure of an arm brace despite knowledge of plaintiff's medical condition demonstrated a culpable state of mind); *see also Fredricks v. City of New York*, No. 15 Civ. 7945, 2014 WL 3875181, at *6 (S.D.N.Y. July 23, 2014) (holding that "Plaintiff sufficiently

alleged that the [defendants] were subjectively aware that depriving Plaintiff of his leg braces, prescription orthotic shoes, and cane posed a serious risk of harm to him"). Thus, Moore has adequately pleaded that CO Jones was deliberately indifferent to his leg-related pain.

Moore has not, however, sufficiently alleged that the other seven individual defendants were deliberately indifferent to his medical issue. As Moore is suing the eight individual defendants in their individual capacities, he must allege that each defendant acted with the requisite deliberate indifference. *See, e.g., Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).

As a threshold matter, Moore has sufficiently alleged that at least several of the other individual defendants knew about (1) the extreme pain he suffered and (2) his desire for a cane and orthopedic shoe insert. (Compl. at 6–7.) Dr. Janvier, for instance, in telling Moore to leave the medical clinic, acknowledged Moore's extreme leg pain. (Compl. at 6 (asserting that Dr. Janvier "would see to it that [Moore] suffers more than extreme pain in his left leg").) Similarly, Dr. Oo indicated awareness that Moore was claiming an issue when he accused Moore of "faking his medical problem with his left leg." (*Id.*) Moore alleges that he directly informed Captain Robertson that he was "suffering extreme pain without a shoe-lift." (*Id.*) Moore also describes explaining to Dr. Chevy-Cyrille that "he was suffering extreme pain having to walk throughout [OBCC] without a shoe-lift." (Compl. at 7.) As for John Doe #1, Moore asserts that he brought up his leg pain each time he visited the clinic and was seen, at one point, by John Doe #1. (Compl. at 6.) Taken together, these two allegations are sufficient to demonstrate John Doe #1 had knowledge of Moore's pain.

But Moore's claims against these defendants fail for two reasons. First, despite adequately alleging that Dr. Janvier, Dr. Oo, Dr. Chevy-Cyrille, John Doe #1, and Captain

9

Robertson were at least aware of his leg pain, Moore fails to allege that any of these individual defendants did so with the requisite mindset. *Darnell*, 849 F.3d at 35. Indeed, Moore states that each of the medical defendants aware of his pain (Dr. Janvier, Dr. Oo, Dr. Chevy-Cyrille, and John Doe #1) informed him when he complained that a "referral was submitted for the shoe lift" and that he would receive it soon. (Compl. at 6.) Such allegations show that the medical defendants acted reasonably to procure an orthopedic shoe insert for him, and Moore notes that he eventually received both a cane and an orthopedic shoe insert. (Compl. at 8.) Moreover, Moore makes no allegations that any of the individual defendants knew or should have known that lacking access to a cane or orthopedic shoe insert posed an excessive risk to his health or safety.

Additionally, Moore does not allege that he told Lisa Choleff or John Doe #2 about his leg pain or his need for a cane or orthopedic shoe insert. Nor does he allege any facts that would allow the Court to infer that these individuals knew, or should have known, about his condition and its severity.

In conclusion, Moore has failed to adequately allege that Dr. Chevy-Cyrille, Dr. Janvier, Dr. Oo, Choleff, Captain Robertson, John Doe #1, or John Doe #2 was deliberately indifferent to his leg-related pain. Moore, has, however, sufficiently alleged that CO Jones was deliberately indifferent to his medical needs.

### 2. Confiscated Medication

Moore also alleges that John Doe #2 confiscated his medication on October 24, 2017, and that he experienced negative side effects like dizziness as a result of this confiscation. (Compl. at 8.) The Court concludes that Moore has failed to plead that John Doe #2, Dr. Oo, or any of the other individual defendants was deliberately indifferent to Moore's medical needs. As a result, the Court need not address whether Moore's medical needs were sufficiently serious.

Moore has not alleged any facts showing that John Doe #2 knew, or should have known, that confiscating Moore's medication posed an excessive risk to his health or safety. *See Darnell*, 849 F.3d at 35. Thus, Moore has not sufficiently pleaded that John Doe #2 had the requisite culpable state of mind as to his deliberate indifference claim.

Moore also alleges that Dr. Oo failed to renew his confiscated medication in a timely fashion. (Compl. at 8.) It is well settled, however, that "disagreements over medications . . . are not adequate grounds for a Section 1983 claim."[5] *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); *cf. Estelle*, 429 U.S. at 107 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."). Moore has failed to allege that Dr. Oo "was aware of and inferred a substantial risk of harm" from not immediately renewing Moore's medication. *Fabricio v. Griffin*, No. 16 Civ. 8731, 2019 WL 1059999, at *6 (S.D.N.Y. Mar. 6, 2019) (holding that plaintiff failed to allege the requisite mens rea when his doctor rescinded pain medication and failed to prescribe x-rays); *see also Davidson v. Desai*, No. 3 Civ. 121S, 2019 WL 125999, at *30 (S.D.N.Y. Jan. 8, 2019) (holding failure to renew prescription, without more, insufficient to establish deliberate indifference).

For these reasons, the Court concludes that Moore has not properly alleged that any of the individual defendants were deliberately indifferent to the risks he faced from the confiscation of his medication.

---

[5] The Court need not resolve whether a failure to renew Moore's medication constitutes a "disagreement" over medication, as the Court concludes that Moore has failed to allege the requisite mens rea on the part of Dr. Oo to adequately plead deliberate indifference.

### B. Threatening Statements

Moore further alleges that several individual defendants made threatening statements toward him because he continued to seek medical attention. (*See, e.g.*, Compl. at 7 (alleging that CO Jones told Moore he would suffer "problems" if he did not stop "complaining to the medical" staff).) However, "[v]erbal abuse, threats, and intimidation standing alone, without injury or damage, do not amount to a constitutional deprivation." *Washington-Steele v. Perez*, No. 18 Civ. 6894, 2019 WL 2074591, at *3 (S.D.N.Y. May 10, 2019); *see also Harris v. Lord*, 957 F. Supp. 471, 475 (S.D.N.Y. 1997) ("The law is clear that 'although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation under § 1983.'" (citations omitted)).

The threatening statements Moore alleges, while wholly inappropriate if true, do not rise to the level of a violation of Moore's constitutional rights. Moore has not alleged any injury resulting from any of the Defendants' threats. For instance, Moore has not claimed that he stopped seeking medical care as a result of Defendants' threats or that he suffered any actual injury. (*See, e.g.*, Compl. at 7 ("Despite being threatened plaintiff still reported to sick-call.").)

The Court concludes that Moore has failed to plead that the individual defendants violated his constitutional rights by directing threatening statements towards him.

### C. Municipal Liability

Moore also asserts claims against the City and H&H. (Compl. at 2.) To survive a motion to dismiss on these claims, Moore must properly allege municipal liability. To find the City and H&H liable under Section 1983 for the actions of their employees, a plaintiff must prove: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted); *see also Mejia v. N.Y.C. Health & Hosps. Corp.*, No. 16 Civ. 9706, 2018 WL 3442977,

at *12 (S.D.N.Y. July 17, 2018) (noting that H&H is subject to municipal liability as a public benefit corporation).

Accordingly, to allege an affirmative municipal policy, a plaintiff must allege facts supporting a plausible inference that the constitutional violation "took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." *Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009). Without more, "allegations that [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." *Id.*; *see also Santiago v. City of New York*, No. 9 Civ. 856, 2009 WL 2734667, at *3 (E.D.N.Y. Aug. 25, 2009) (holding that "boilerplate claims" [of municipal liability] do not rise to the level of plausibility").

Here, the sole properly alleged constitutional violation is CO Jones's deliberate indifference to Moore's leg-related pain. Moore makes no factual allegations that this alleged violation took place pursuant to any formal course of action or act of a person with policymaking authority. Accordingly, Moore's claims against the City and H&H are dismissed.

**IV.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. The sole surviving claim is Moore's allegation that CO Jones was deliberately indifferent to his leg-related pain; all other claims are dismissed.

Because CO Jones has not appeared in this case, counsel for the City are directed to inform the Court within 30 days whether they intend to represent CO Jones.

The Clerk of Court is directed to close the motion at Docket Number 54.

SO ORDERED.

Dated: August 6, 2020
      New York, New York

                                            J. PAUL OETKEN
                                           United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*