UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL MOORE,
                     Plaintiff,

-v-

NYC HEALTH + HOSPITAL, *et al.*,
                     Defendants.

18-CV-496 (JPO)

ORDER ADOPTING REPORT AND RECOMMENDATION

J. PAUL OETKEN, District Judge:

    Plaintiff Daniel Moore ("Moore"), proceeding *pro se*, brought this action against various New York City and State public health officials and institutions, the New York City Department of Correction and individuals in it, and several others related to injuries he allegedly sustained while in custody of the New York City Department of Correction. One of the individual Defendants, and the only Defendant still remaining in this case, is Corrections Officer Jayvon Jones ("Jones").

    The Court assumes familiarity with the facts of this case based on its prior opinions. Most relevant here, on August 6, 2020, this Court dismissed all parts of the Sixth Amended Complaint ("SAC") except Moore's claim that Jones was deliberately indifferent to his leg-related pain. *See Moore v. City of New York*, 2020 WL 4547223, at *2-3 (S.D.N.Y. Aug. 6, 2020). On April 28, 2021, this Court referred this matter to Magistrate Judge Parker for general pretrial supervision. (ECF No. 69.) On September 16, 2021, Moore requested permission to move for default against Jones, which Judge Parker approved. (ECF No. 82.) On February 2, 2022, the Clerk of Court issued a certificate of default as to Jones. (ECF No. 83.) On September 22, 2022, Moore filed a letter motion requesting a default judgment and damages. (ECF No. 85.)

1

On December 20, 2022, Jones made an appearance in this action. (ECF No. 90.) Jones moved to vacate the certificate of default. (ECF No. 92.) Judge Parker held that Jones demonstrated good cause for vacatur of the certificate of default and granted Jones' motion. (ECF No. 96.)

Judge Parker conducted a thorough and careful review and issued a Report and Recommendation (the "Report") that this Court deny Moore's motion for default judgment against Jones as moot. (ECF No. 97.) The Court has reviewed the Report.

If a party files an objection to a report and recommendation prepared by a federal magistrate judge, the "district judge must determine *de novo* [whether] any part of the magistrate judge's disposition . . . has been properly objected to. Fed. R. Civ. P. 72(b)(3); *see also United States v. Raddatz,* 417 U.S. 667, 674 (1980) (explaining that while the de novo standard here is greater than that of clear error, "[i]t should [still] be clear that on these dispositive motions, the statute calls for a *de novo* determination," it does not require "a *de novo* hearing"). Magistrate Judge Parker's well-reasoned Report presents no such errors and is therefore fully adopted by this Court. It is well established the *certificate* of default has been vacated, the pending motion for default *judgment* is moot as a matter of law. *See Kampfer v. Cuomo*, 993 F. Supp. 2d 188, 192 (N.D.N.Y. 2014), *aff'd*, 643 Fed App'x 43, 43 (2d Cir. 2016). Judge Parker considered the correct three factors used to assess vacatur motions under Federal Rule of Civil Procedure 55: "(1) the willfulness of default, (2) the existence of any meritorious defenses, (3) prejudice to the non-defaulting party." (ECF No. 96 at 4 (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).) The Court also agrees with the Report's application of these factors. Judge Parker's Report carefully and persuasively explains that, although there may be evidence of willfulness in connection with the default, the latter two factors — meritorious defenses and prejudice —

weighed sufficiently strongly in favor of excusing Jones' failure to appear that setting aside the default was justified.  First, Jones has plausible merits defenses in an intentional tort suit related to both his state of mind and whether he is cloaked by qualified immunity.  Second, there is no prejudice to Moore as a result of the vacatur because he has not made a prejudice showing apart from "delay."  As a matter of law, "vacatur of a default must result in tangible harm beyond mere delay" to be prejudicial.  *McInnis USA Inc. v. Aggrecem Mech., LLC*, 2022 WL 3028980, at *2 (S.D.N.Y. Aug. 1, 2022).  Accordingly, on these facts and bearing in mind the Second Circuit's strong preference for resolving disputes on the merits, Judge Parker properly weighed these factors and concluded that those favoring Jones ultimately established good cause to vacate the certificate of default.  This Court agrees with Judge Parker's analysis.  There was no underlying error, clear or otherwise, in Judge Parker's vacatur of the default.

Moore raises a number of specific objections to the Report.  (ECF No. 98.)  First, Moore argues that "his fourteen days to file his written objection should accrue" not from the March 8, 2023 date on the Docket, but "from the 3/21/2023 date of recorded receipt of the Court's mailing."  (ECF No. 98 at 1.)  This relief is granted.  Moore's objections will be deemed timely.

Second, Moore argues that the Report fails to apply the correct pleading standard "because if pro-se pleadings were 'liberally construed,' under the language of Supreme Court holdings[,] the resulting conclusions [of the Report] would have been different."  (*Id.*)  Here, however, the Report's recommendation is based on the determination that, as a matter of law, a motion for default judgment is mooted when its predicate certificate of default is vacated.  Judge Parker did not fail in any way to construe Moore's pleadings liberally; there is nothing that a more charitable construction of the SAC's facts could do to alter the Report's conclusion.

Third, Moore contends that "in the context of a default judgment[,] . . . the willfulness weighs against vacating the certificate of default." (ECF No. 98 at 2.) While willfulness is one factor that can weigh against vacating a default, as Judge Parker explained, it can be outweighed by the other factors, as in this case.

Fourth, Moore argues that Jones' merits defenses, which, *inter alia*, challenge whether there is sufficient evidence to find he had the requisite knowledge for intentional tort liability, are inapplicable as defenses to whether or not Jones defaulted. (*Id.*) Because neither this Court nor Judge Parker operated under such an assumption, this is not a valid basis for rejecting the conclusions of the Report.

Fifth, relying on *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), Plaintiff objects that the Report engaged in insufficient analysis but instead made a mere "conclusory supposition," which "would likely . . . not be agreed on by [j]urist[s] of [r]eason." (*Id.*) However, *Miller-El* concerned the proper standard of appellate review of a court's order denying a constitutional habeas petitioner a certificate of appealability. *Id.* 327—28. As the Supreme Court explained in *Miller-El* itself, the Court's holding in that case stood for the rule that "when a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition, the court of appeals should limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 327 (internal citation omitted). Moore's claim against Jones, however, is not a habeas action, nor is this case an appeal. *Miller-El* is inapposite. Moreover, Judge Parker's discussion and weighing of the factors applicable to setting aside a default and then granting default judgment were sufficiently explained and were not a mere "conclusory supposition."

Sixth, Moore restates his view that "the U.S. Magistrate's findings were devoid of liberal constru[ction]." (ECF No. 98 at 2—3.) For the reasons explained above, this objection is without merit.

* * *

For the foregoing reasons, Plaintiff Daniel Moore's objections (ECF No. 98) to the Report and Recommendation of Magistrate Judge Parker (ECF No. 97) are overruled, and Judge Parker's Report is adopted. The Court also concludes that there was no error in Judge Parker opinion and order setting aside the certificate of default (ECF No. 96). Accordingly, Plaintiff's motion for default judgment against Defendant Jones (ECF No. 85) is denied.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: June 26, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge